IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eileen Allen, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 5379 |
| ARS National Services, Inc., d/b/a Associated Recovery Systems, a California corporation, | ) ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Eileen Allen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Eileen Allen ("Allen"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"),

located in Chicago, Illinois.

4. Defendant, ARS National Services, Inc., d/b/a Associated Recovery Systems ("ARS"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ARS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ARS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ARS conducts business in Illinois.

6. Moreover, Defendant ARS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ARS acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Allen has limited assets and income, and fell behind on paying her bills, including a debt she owed for a Capital One credit card. When ARS began trying to collect this debt from Ms. Allen she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant ARS's collection actions.

8. Accordingly, on July 11, 2008, one of Ms. Allen's attorneys at LACD informed ARS, in writing, that Ms. Allen was represented by counsel, and directed ARS

to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Allen was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt.

9. Moreover, Ms. Allen's attorneys at LACD thereafter sent Defendant regular monthly payments on the debt from August 8, 2008, to date, from the attorneys' office in Chicago, Illinois, and Defendant ARS accepted those payments.

10. Nonetheless, Defendant ARS sent numerous collection letters directly to Ms. Allen, including, but not limited to letters dated November 19, 2010, December 20, 2010, January 31, 2011, and April 29, 2011, which demanded payment of the Capital One debt. Copies of these letters are attached as Group Exhibit C.

11. Defendant ARS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ARS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Allen's, attorney/agent, LACD, told Defendant ARS to cease communications with Ms. Allen. By continuing to communicate regarding

this debt with Ms. Allen, and demanding payment from her (Group Exhibit C), Defendant ARS violated § 1692c(c) of the FDCPA.

16. Defendant ARS's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ARS knew that Ms. Allen was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant ARS to cease directly communicating with her. By directly sending Ms. Allen collection letters (Group Exhibit C), despite being advised that she was represented by counsel, Defendant ARS violated § 1692c(a)(2) of the FDCPA.

20. Defendant ARS's violations of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eileen Allen, prays that this Court:

1. Find that Defendant ARS's debt collection actions violated the FDCPA;

  2.  Enter judgment in favor of Plaintiff Allen, and against Defendant ARS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

  3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eileen Allen, demands trial by jury.

            Eileen Allen,

            By: /s/ David J. Philipps
            One of Plaintiff's Attorneys

Dated: August 9, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com